## Vauclain Appeal

*Joseph R. Young, Jr.* and *Butler, Beatty, Greer & Johnson,* for appellant.

*John R. Graham,* for appellee.

TOAL, J., December 2, 1963.—This is an appeal from the refusal of the Commissioners of Radnor Township to approve a subdivision plan submitted by appellant. The requested subdivision involves land and improvements acquired by appellant at various times and in differing ways which she now seeks to divide into three pieces as follows:

(a) A 2.624 acre lot abutting Vauclain Road containing a residence, a 3 car detached garage and a gardner's cottage;

(b) A 9.597 acre tract containing a residence and a garage. This irregular shaped tract abuts Vauclain Road, a cul-de-sac, for approximately 300 feet. The ground, irregular in shape, narrows to a point abutting a 15 foot right-of-way out to Bryn Mawr Avenue;

(c) A strip of ground 50 feet by 1,000 feet extending from Bryn Mawr Avenue to Vauclain Road.

The subdivision plan approved by the Delaware County Planning Commission and The Planning Commission of Radnor Township was disapproved by the commissioners of Radnor Township on December 27, 1962. Appellant was advised of this action by letter of the Township Engineer dated January 3, 1963. A petition for appeal from this action was filed January 14, 1963, and the matter ordered for a hearing on February 27, 1963.

The commissioners of Radnor Township filed a petition and rule to show cause why the appeal should not be quashed averring that the decision of the board of commissioners is final or in the alternative because no reasons in writing were given for the disapproval of the plan and therefore the present appeal is premature.

On February 27, 1963, oral argument on the motion to quash was heard by Toal, J. and the judge decided to reserve decision on the motion to quash and to proceed to hear the matter on the merits of the appeal.

Written briefs have now been filed by both sides and the matter is ready for a decision by the hearing judge.

The First Class Township Code of June 24, 1931, P. L. 1206, sec. 3065, as amended, 53 PS §58065, provides as follows:

"Section 3065 . . . Such regulations may provide that plans of subdivisions, wherein lots abut existing improved streets or highways of sufficient width, shall be subject to approval or rejection by the township . . . commissioners as specified in the ordinance or resolution establishing the regulations. In the event such a plan is disapproved the reasons therefor shall be set forth in writing and given to the applicant. Any person aggrieved by the decision of the township engineer or the committee may appeal to the board of township commissioners and such appeal shall be considered by the board at its next regular meeting. The decision of the board shall be final."

Ordinance no. 819, being the Radnor Township Subdivision Ordinance, makes no provision for approval of a subdivision plan by the township engineer or a committee. The ordinance makes no distinction between subdivisions wherein lots abut existing improved streets of sufficient width or those where the existing improved streets are insufficient or are proposed to be laid out. All subdivision plans, except lot locations plans involving not more than two lots, must be submitted to the planning commission for recommendation with final approval by the board of commissioners. This procedure is authorized by section 3066 of The First Class Township Code, 53 PS §58066. This section with eleven subparagraphs is a comprehensive guide for subdivision regulations. Two subparagraphs of section 3066, supra, are applicable to the questions involved in the present case, viz:

"(a) Plans may be referred to Planning Commission for Recommendations. Such regulations may provide

that plans of subdivisions, . . . may if the board of township commissioners deems it advisable, be referred to the planning commission of the township, if any, for its recommendations . . . Such plans shall be subject to approval or rejection by the board of township commissioners. In the event such a plan is disapproved the reasons therefor shall be set forth in writing and given to the applicant. Any party aggrieved by the decision of the board of township commissioners may appeal to the court of quarter sessions of the county as hereinafter provided."

Section 3066(f) provides as follows:

"(f) Appeals Where Commissioners Refuse Approval. In any case where the board of township commissioners disapproves a subdivision plan, any person aggrieved thereby may, within thirty days thereafter, appeal therefrom by petition to the court of quarter sessions of the county, which court shall hear the matter de novo, and after hearing enter a decree affirming, reversing or modifying the action of the board as may appear just in the premises. The court shall designate the manner in which notices of the hearing of any such appeal shall be given to all parties interested. The decision of the court shall be final."

Ordinance no. 819, supra, appears to have adopted the procedure set forth in section 3066(a), supra, providing for approval by the Township Planning Board and then approval or rejection by the board of commissioners. The ordinance makes no distinction between subdivisions whose lots abut existing streets of sufficient or insufficient width and lots which may abut streets yet to be laid out and constructed, and, therefore, the provisions of section 3065, supra, cannot apply to the subject matter of the present case. It would follow, that as section 3066(a), et seq., provides for an appeal to the court of quarter sessions, in the event that a person aggrieved by the action of the

board of commissioners desires to take such appeal, that in the present case an appeal to the court is proper.

With respect to the question of the board of commissioners not having stated in writing their reasons for refusing the request of the petitioner for approval of the subdivision plan submitted, this court is of the opinion that an appeal should not be refused because of the failure of the board to perform its statutory duty in full. The fact that the request for approval was refused in writing certainly creates the issue between the parties which when considered by the court of quarter sessions can be decided de novo from the factual situation presented to said court.

The question before the court in the case at bar was not decided in Chagnon v. Haverford Township Commissioners, 18 D. & C. 2d 126. That mandamus action involving a subdivision plan decided only that the reasons for the disapproval of the plan must be set forth in writing by the township commissioners. The matter involved preliminary objections in the nature of a demurrer to a complaint in mandamus to compel the board of commissioners to approve plaintiffs' application for a certain land subdivision. In the body of the complaint it was alleged that defendants, board of commissioners, verbally rejected plaintiffs' application for a certain subdivision. The court sustained the demurrer ruling that no valid decision had been made as yet by the board of commissioners relating to plaintiffs' application for a subdivision as The First Class Township Code required that the rejection be made in writing. In the case at bar the rejection is in writing although the reasons for same are not set forth. We see no reason why the matter involved in the present case cannot be judicially determined de novo. The petition and rule to show cause why the appeal in this case should not be quashed is hereby dismissed.

We are now ready to discuss the merits of the application made by appellant for a subdivision of the land in question. This matter is heard de novo and it is the duty of the court to do what "may appear just in the premises."

Appellant owns land and improvements which were acquired at various times and in different ways. Appellant is desirous of making one lot consisting of 2.624 acres for the existing residence, three car garage and a gardner's cottage. The proposed division line permits a 15-foot side yard requirement from the garage which, with a residence thereon, comprises the improvements on a 9.597 acre tract to be made a separate property. A certain piece of land approximately 50 feet wide by 1,000 feet long stands separate and distinct from the rest of appellant's property.

The subdivision plan was approved by the Delaware County Planning Commission and by the Planning Commission of Radnor Township. The board of commissioners seems to take the position that the 9.597 acre tract might sometime in the future be divided into nine one acre lots to the detriment of the immediate area. The question of dividing this 9.597 acre plot was not before the board of commissioners and is not now before this court. The board of commissioners also raise the question about the 50-foot strip of land at some future time becoming a public road. This question is not before the court and cannot be considered in the decision as to the propriety of the present subdivision applicant.

The right to approve or disapprove of a subdivision of a person's land is a severe restriction on the ownership and use of private property guaranteed by the United States Constitution, Amendment V; and article I, secs. 1 and 10 of the Constitution of Pennsylvania.

What was said by Chief Justice Bell regarding zoning in the case of Andress v. Zoning Board of Adjust-

ment, 410 Pa. 77, pages 84 and 85, is equally applicable here:

"3. Neither the Executive nor the Legislature, nor any legislative body, nor any zoning or planning commission, nor any other Governmental body has the right—under the guise of the police power, or under the broad power of general welfare, or under the power of Commander-in-Chief of the Armed Forces, or under any other express or implied power—*to take, possess or confiscate private property for public use or to completely prohibit or substantially destroy the lawful use and enjoyment of property, without paying just compensation therefor:* (Citing Cases) . . .

"It is today often forgotten by legislative or zoning bodies or planning commissions that this inherent and indefeasible right of ownership and possession of private property includes the right to *use* property, otherwise the right would be meaningless."

There is no doubt that the board of commissioners would like to have the 50-foot wide by 1,000-foot long strip of land put to use as a public street and this appears to be one reason why they refused to approve the subdivision application as requested. But they cannot under the law do this. See the case of Beattie v. Lower Moreland Township, 76 Montg. 632, where the owner of property proposed to divide her land into two tracts, one with her residence and outbuildings and a frontage of 240 feet in an area of two acres and another tract of slightly in excess of nine acres irregular in shape with a frontage of 414 feet. The commissioners withheld approval of the plan unless the owner widened the street in front of her property and installed curbs and sidewalks. The court in reversing the commissioners said:

"It is clear that the township may not in effect compel a property owner to dedicate formally his land for public use without compensation. We think it is equally

clear that the township may not in effect compel a property owner to make an informal de facto dedication of his land for public use without compensation.

"A township may not directly or indirectly violate the constitutional guarantee that land may not be taken for public use without just compensation under the guise of an exercise of the police power."

We are of the opinion that on the merits of this case that the refusal of the board of commissioners to approve the request for the subdivision as stated in the application was improper and in violation of the rights of the property owner Anne Vauclain. We therefore make the following:

### Order

And now, December 2, 1963, the above matter having come before the court on appeal and on a motion to quash said appeal and after hearing and argument together with the submission of written briefs by both sides and after due consideration it is ordered, adjudged and decreed as follows:

1. The rule to show cause why the appeal should not be quashed be and it is hereby dismissed and the said appeal is sustained; and

2. The subdivision plan as shown by the exhibit and application for approval be and it is hereby approved; and

3. The action of the board of commissioners of Radnor Township refusing to approve the subdivision plan as requested by appellant, Anne Vauclain, be and it is hereby reversed; and

4. The proper officials of said Radnor Township be and they are hereby ordered and directed to conform the records and maps of Radnor Township with the decree of this court; and

5. An exception be and it is granted to Radnor Township to the action taken herein.